IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL B. MANIBUSAN,                        No.  CIV.S-04-2135 DAD

     Plaintiff,

  v.                                       ORDER

JO ANNE B. BARNHART,
Commissioner of Social
Security,

     Defendant.
_____/

     This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and/or remand and defendant's cross-motion for summary judgment.  For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

**PROCEDURAL BACKGROUND**

     Plaintiff Paul Benard Manibusan applied for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act (the "Act"), respectively.

1

(Transcript ("Tr.") at 21, 33-34, 91-95.) The Commissioner denied plaintiff's applications initially and on reconsideration. (Tr. at 33-34, 43-46, 50-54.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on November 20, 2003, at which time plaintiff was represented by counsel. (Tr. at 600-54.) In a decision issued on February 5, 2004, the ALJ determined that plaintiff was not disabled. (Tr. at 18-30.) The ALJ entered the following findings in this regard:

> 1. Claimant filed applications on August 26, 1999, June 22, 2001 and September 27, 2002 for disability benefits under Title II and Title XVI of the Act.
>
> 2. Claimant has not engaged in any substantial gainful activity since his alleged onset date of disability of January 22, 1999.
>
> 3. Claimant remains insured for Title II disability benefit purposes through the date of this decision.
>
> 4. The medical evidence establishes that claimant suffers from insulin dependent diabetes mellitus with peripheral neuropathy and kidney disease, low back pain, hypertension and obesity.
>
> 5. In combination, the medically documented disorders are "severe".
>
> 6. The medically documented disorders are not attended by clinical and laboratory findings that meet/equal any listed impairment of Appendix 1 to Subpart P of Regulation No. 4.
>
> 7. There are medical disorders to account for claimant's subjective complaints but the alleged intensity, persistence and functionally limiting effects are not entirely credible.

2

      8.    Claimant retains the ability to perform sedentary work with a sit/stand option. Claimant is precluded from work involving high stress and work environments of noxious fumes and temperature extremes.

      9.    Claimant is unable to perform his past relevant work.

    10.    Claimant is a younger individual at age 42 years. He has a high school education. There is no issue with respect to transferable skills.

    11.    There are jobs that exist in significant numbers in the national economy that claimant can perform.

    12.    Claimant is not disabled as defined in the Act at any time through the date of this decision.

    13.    There is no basis to reopen and revise the adverse initial determinations of September 5, 2001.

(Tr. at 29-30.) The ALJ's decision became the final decision of the Administration when the Appeals Council, to which plaintiff submitted new evidence not presented to the ALJ, declined review on September 10, 2004. (Tr. at 7-10.) Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on October 12, 2004.

## LEGAL STANDARD

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.

1999).  The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  See Jones, 760 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920.  See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

        Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

        Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is conclusively presumed disabled.  If not, proceed to step four.

        Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

        Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant bears the burden of proof in the first four steps of the sequential evaluation.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

      In his summary judgment motion plaintiff briefly argues that substantial evidence does not support the ALJ's conclusion that plaintiff's diabetes mellitus is well-controlled.  However, plaintiff's principal argument is that the Appeals Council erred in failing to reverse the ALJ's decision in light of his submission of new evidence to the Appeals Council.  (Tr. at 553-99.)[1]  Plaintiff

---

[1] The record before this court includes the new evidence added to the administrative record by the Appeals Council.  The Ninth Circuit has held that courts must consider such evidence regardless of whether it was presented at the administrative hearing before the ALJ.  Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir. 1993); see also Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

5

asserts that this new evidence undermines the conclusion that his diabetes is well-controlled. Plaintiff's arguments are unpersuasive.

The ALJ concluded that plaintiff's diabetes mellitus is well-controlled as long as plaintiff complies with prescribed treatment. That conclusion is supported by the testimony of the medical expert who testified at the administrative hearing as well as the various medical records found throughout the lengthy administrative record. (See, e.g., Tr. at 229-32, 311, 388-90, 423, 428, 610-12.) Such evidence amounts to substantial evidence supporting the ALJ's finding regarding plaintiff's diabetes.

As noted above, plaintiff's main argument concerns evidence submitted to the Appeals Council. After the ALJ found plaintiff not disabled, plaintiff sought review from the Appeals Council and submitted new evidence along with a cover letter from his counsel dated July 28, 2004. (Tr. at 553-55.) The new medical evidence consisted of the following: a description of the medication Lantus, a solution of insulin glargine for use as an injection, from the Physicians' Desk Reference (Tr. at 556-72); plaintiff's medical records from Yshay Shlesinger, M.D., plaintiff's endocrinologist, dated June 14, 2004 (Tr. at 573-82); and plaintiff's medical records from G. Samuel S. Chua, M.D. dated October 15, 2003 through July 1, 2004 (Tr. at 583-99).

The Appeals Council denied plaintiff's request for review, explaining that it "found no reason under our rules to review the Administrative Law Judge's decision." (Tr. at 7.) With respect to the new evidence, the Appeals Council explained that it considered

6

the evidence but "found that this information does not provide a basis for changing the Administrative Law Judge's decision."  (Tr. at 7-8.)  Plaintiff argues that the Appeals Council erred in failing to reverse the ALJ's decision.  That argument is unpersuasive as well.

With respect to the consideration of new evidence, the regulations provide that "if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision."  20 C.F.R. §§ 404.970(b), 416.1470(b).  Thus, when a claimant seeks review based on evidence not presented to the ALJ, the Appeals Council must conduct such review when the submitted evidence is (1) new, (2) material and (3) relates to the period on or before the date of the ALJ's hearing decision.  See Ramirez, 8 F.3d at 1452 (citing 20 C.F.R. § 404.970(b)); Bates v. Sullivan, 894 F.2d 1059, 1064 (9th Cir. 1990), overruled on other grounds, Bunnell v. Sullivan, 947 F.2d 341, 342 (9th Cir. 1991) (en banc).

In this case, the records listed above were new in that they had not been prepared at the time of the administrative hearing and had not been provided to the ALJ.

On the other hand, most of the new evidence did not relate to the period on or before the date of the ALJ's hearing decision.  More specifically, all of the records from Dr. Shlesinger and most of the additional records from Dr. Chua are dated after the ALJ's February 5, 2004, decision.  Thus, this evidence does not relate to the period on or before the date of the ALJ's hearing decision as

7

required for evidence to be considered by the Appeals Council.  See 20 C.F.R. §§ 404.970(b), 416.1470(b); see also Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996)(finding that the Appeals Council did not err by deciding that a treating physician's reports did not warrant remand because the reports were issued after the ALJ's decision and were therefore less persuasive).

Only some of plaintiff's new evidence relates to the relevant period.  This evidence includes the records from Dr. Chua dated October 15, 2003 through January 22, 2004, reflecting nine office visits by plaintiff.  It also arguably includes the description of Lantus, plaintiff's insulin medication.  However, the Appeals Council apparently concluded that this evidence was not material when it stated that the evidence provided no basis for changing the ALJ's decision.  See Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380-81 (9th Cir. 1984) (new evidence is material when there is a "reasonable possibility" that the evidence would have changed the outcome of the case).  The court agrees with the Appeals Council in this regard.

The relevant evidence from Dr. Chua consists of handwritten chart notes which are illegible in large part.  While it appears that plaintiff's blood sugar levels may have been somewhat elevated at times, legible entries in those notes include references to "somewhat stable [blood glucose]" (Tr. at 583); "some improvement noted" (Tr. at 584); "[blood glucose] much better" (Tr. at 588); and "much better control" (Tr. at 589).  Thus, to the extent this new evidence sheds any light on plaintiff's diabetes, it is mixed.  For these reasons,

there is no reasonable possibility that the ALJ would have granted plaintiff's applications had he been presented with this evidence.

Nor would the description of Lantus have changed the ALJ's decision. Plaintiff makes much of the fact that the medical expert had not heard of Lantus. Plaintiff therefore suggests that the expert may not have been qualified to testify regarding diabetes and that the ALJ was not justified in relying on his testimony. However, while the medical expert admitted to not having heard of Lantus in particular, plaintiff's counsel did not object to the physician's qualifications at the administrative hearing. (Tr. at 605.) The expert also queried plaintiff regarding his use of the medication and its characteristics (i.e., that it is a 24-hour, long-lasting insulin). (Tr. at 608-09.) That exchange demonstrates that the medical expert gained a sufficient understanding of the insulin product used by plaintiff. The newly produced description of Lantus would not have changed the ALJ's decision. The Appeals Council properly concluded that the description was not material.

For all of these reasons, plaintiff's argument that the Appeals Council erred in failing to reverse the ALJ's decision in light of the submission of new evidence is rejected.

There is one other issue to address. Plaintiff has attached various medical records to his motion for summary judgment. Those documents are not part of the administrative record and were submitted to the district court in the first instance. According to plaintiff, those records also show that his diabetes is not well-controlled. It is unclear if plaintiff seeks an order of remand

based on this additional evidence since he states in his motion only that "[a] sampling of the recent medical records is attached to this memorandum for illustration purposes only." (Pl.'s Mot. at 5.)

In any event, a claimant seeking remand based on extra-record evidence submitted to the district court in the first instance must demonstrate that there is "new evidence which is material, and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). See also Burton v. Heckler, 724 F.2d 1415, 1417 (9th Cir. 1984) ("a remand to the Secretary to consider additional evidence not contained in the administrative record ... [is] provided for by [42 U.S.C. § 405(g)] where the new evidence is material and there is good cause for the failure to incorporate such evidence in the record in a prior proceeding.") To be material under § 405(g), the evidence must bear "directly and substantially" on the matter in dispute, and there must also be a "reasonable possibility" that the new evidence would have changed the outcome of the administrative hearing. Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001); Booz, 734 F.2d at 1380-81; Ward v. Schweiker, 686 F.2d 762, 764 (9th Cir. 1982). To establish good cause, the claimant must demonstrate that the new evidence was unavailable earlier. See Mayes, 276 F.3d at 462-63, Clem v. Sullivan, 894 F.2d 328, 332 (9th Cir. 1990)("A claimant does not meet the good cause requirement simply by obtaining a more favorable report from an expert witness once his claim is denied. The claimant must establish good cause for not seeking the expert's opinion prior to the denial of his claim.")(citations omitted).

Here, all of the medical documents attached to plaintiff's motion, except for a one-page discharge summary from October 2, 2003, are from the period after the ALJ's decision.  Thus, the evidence does not relate to the time period in dispute nor is it reasonably possible that such evidence would have changed the ALJ's decision. Moreover, submitting new records of this nature is akin to obtaining a more favorable expert report in response to the denial of a claim, which does not amount to good cause.  See Clem, 894 F.2d at 332.  The more appropriate recourse in a situation like this is for plaintiff to file a new application.  See Ward, 686 F.2d at 765-66 ("Although later discovered evidence may be considered probative of the nature of the disease or disability, [citation omitted], the new medical evidence was not material to the Secretary's action terminating benefits as of 1975, although it could form the basis for a new claim.")  Finally, while the October 2, 2003, discharge summary suggests that plaintiff was having difficulty controlling his diabetes at that time, that single record is insufficient to justify remand, especially since plaintiff's counsel has offered no explanation as to why the document was not included in the record in the earlier administrative proceeding.

For these reasons, any suggestion that this matter be remanded based on the extra-record evidence attached to plaintiff's motion is rejected.

/////

/////

/////

11

**CONCLUSION**

Accordingly, the court HEREBY ORDERS that:

1. Plaintiff's motion for summary judgment and/or remand is denied;

2. Defendant's cross-motion for summary judgment is granted; and

3. The decision of the Commissioner is affirmed.

DATED: March 17, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\manibusan2135.order